GEORGE W. ARNETT executor &c.,

v.

JOHN FINNEY et al.

A plea of the statute of limitations, filed to a bill by the assignee of one partner against another for an accounting, was sustained, it appearing that the partnership had terminated about fifteen years ago, and there had been no transactions by the firm since then, and there was no allegation of fraud or concealment to account for complainant's delay.

Bill for an account &c. On plea of statute of limitations by defendant Finney.

*Mr. R. S. Kuhl,* for complainant.

*Mr. C. A. Skillman,* for Finney.

THE CHANCELLOR.

The bill was filed by Cornelius Arnett, now deceased, against John Finney and William V. Case, for the dissolution of a partnership entered into by Finney and Case, and William Thatcher, March 31st, 1868, under the firm of W. V. Case & Co., and for an account of the transactions &c. of the firm, and to recover the value of Thatcher's interest in certain property of the firm &c. &c. The bill states that the firm were the owners of land, on which they built a factory, in which they put certain personal property consisting of an engine and boiler and machines and machinery; that on or about June 1st, 1869, Thatcher was adjudged a bankrupt, and his interest (one-third) in the property was sold by his assignee in bankruptcy, on or about July 7th, 1869, to Cornelius Arnett; that the land was encumbered by mortgage and mechanics liens to an amount exceeding its value; that at the time of the sale in bankruptcy, Finney took possession of the engine and boiler and machines and machinery, under a claim that a mortgage which he pretended to hold upon the land covered that property also; and that in March, 1870, he bought the land at sheriff's sale under a decree of this court, and claims that by that purchase he became the owner of the engine, boiler, machines and machinery, as well as the land. The bill also states that the complainant denies that that claim is valid, and avers that Arnett bought Thatcher's interest in the property in question clear of any lien or encumbrance, and that the claim thereto set up by Finney was

NOTE.—To the numerous authorities cited in *Story's Partn.* (*7th ed.*) § *233 note,* and *Wood's Collyer on Partn.* §§ *297, 333,* establishing the rule that the statute of limitations is a bar to an action for an account between partners, may be added the following cases: *Loughman* v. *Sullivan, 3 Irish Law. Rec.* (*N. S.*) *36;* *Storm* v. *Cumberland, 18 Grant's Ch. 245;* *Cannon* v. *Copeland, 43 Ala. 201;* *Hastie* v. *Aiken, 67 Ala. 313;* *Adams* v. *Taylor, 14 Ark. 62;* *Patterson* v. *Brown, 6 Mon. 10;* *Taylor* v. *Morrison, 7 Dana 241;* *Tutt* v. *Cloney, 62 Mo. 116;* *Buckingham* v. *Ludlum, 10 Stew. Eq. 137;* *Ogden* v. *Astor, 4 Sandf. 311;* *Atwater* v. *Fowler, 1 Edw. Ch. 417;* *Weisman* v. *Smith, 6 Jones Eq. 124;* *Hamilton* v. *Hamilton, 18 Pa. St. 20;* *Montgomery* v. *Montgomery, Rich. Eq.*

Arnett v. Finney.

made in order that he might thus, by means of a false pretense, deprive Arnett of his interest in the engine and boiler and machine and machinery, and get them himself. According to the bill, Finney has, ever since the sale (1870), held the property in question, and has used it, against Arnett's protest and frequent demand that he should pay him the fair value of his interest therein, with a reasonable compensation for the use thereof. The bill prays that the business relations of Arnett and Finney and Case, as partners trading as W. V. Case & Co., may be dissolved; that a receiver may be appointed to take charge of the property in question, and to adjust and settle the business affairs of the firm, and to sell and dispose of the property; and that Finney may be required to pay the complainant the amount of the value of Arnett's interest therein, when he, Finney, took possession of the property, and to compensate him for the use of and the injury to it. Finney has pleaded the statute of limitations, and the question is as to the validity of the plea.

No objection is made to the form of the plea. The ground taken against it is that the statute of limitations is not a bar to the suit. The case made by the bill is that in July, 1869, more than fourteen years before the bill was filed, Finney claimed the property in question as his own, under a mortgage which he held upon the land, and that since March, 1870, he has claimed it under a sheriff's sale of the land; that he has asserted those claims ever since, against the protest of Arnett, and that he took the property into his possession in 1869, and has kept it ever since, using it as his own. It seems, from the statements of the

Cas. 64; Bolton v. Dickens (Tenn.), 2 Cent. L. J. 477; Coalter v. Coalter, 1 Rob. (Va.) 79; see McGuire v. Ramsey, 9 Ark. 518; Lawrence v. Rokes, 61 Me. 38.

The statute, it has been held, does not begin to run as long as there are debts due to or from the firm, Hammond v. Hammond, 20 Ga. 556; Marsteller v. Weaver, 1 Gratt. 391; Jordan v. Miller, 75 Va. 442; see Brown v. Agnew, 6 Watts & S. 235.

The statute of six years limitation does not apply if the partnership articles were under seal, Near v. Lowe, 49 Mich. 482; Devinelle v. Edy, 66 How. Pr. 328; see McNair v. Ragland, 1 Dev. Eq. 537.—Rep.

bill, that he has claimed, and still does, that the property consti-
tuted part of the real estate, and that it was therefore covered by
his mortgage, and that, under the sheriff's sale of the real estate,
it passed to him as part and parcel thereof. Were it not for the
fact that a claim to an account of a partnership is involved, it
would not be urged that this suit is not barred by the statute of
limitations. According to the bill, Finney claims the property
under a mortgage and sheriff's sale, and has so claimed it for
about fifteen years, and that, too, against the protest of Arnett,
and yet, in all that time, Arnett has taken no proceedings against
him to test the validity of the claim. No fraud or concealment
is alleged. No reason whatever is given why Arnett did not
bring suit earlier. But it is urged that whether the complainant
has any interest in the property or not, if it be adjudged that the
title thereto did not pass to Finney under the mortgage and
sheriff's sale, will depend on the decision of the question whether
the complainant has any interest in the property of the firm, and
that that can only be ascertained by an account, and that this
court is the proper one to require such account, and that, in view
of the fact that the subject of inquiry is a partnership trust, the
statute of limitations is no bar to this suit. But there is a limit
to the time in which this court will entertain a bill for an account
between partners. The firm of W. V. Case & Co. was dissolved
by the bankruptcy of Thatcher in 1869, about fifteen years be-
fore the bill was filed. No reason whatever is either given or
suggested why an account was not sought within six years from
that time. It does not appear that there have been any partner-
ship transactions since 1869. Nor does it appear that any ac-
count was ever sought at all before the bill was filed. According
to the bill, the factory of the firm was sold away from them
through legal proceedings in 1870, and with it went, as Finney in-
sists and always since then has insisted, the property in question
in this suit, and there appears to have been no other property of
the firm. The bill states that inasmuch as the factory was en-
cumbered to an amount greater than its value, all that Arnett
got by his purchase at the sale in bankruptcy was Thatcher's
interest in the property in question. So that it seems that there

Arnett v. Finney.

was no reason why Arnett should have sought an account except in connection with and to establish his interest in that property. Now, although strictly the statute of limitations bars legal remedies only, courts of equity, by their own rules, independently of any statutes of limitation, give great effect to length of time, and frequently refer to the statutes of limitation as furnishing a convenient measure for the length of time that ought to operate as a bar in equity of any particular demand. Lord Eldon, in *Beckford* v. *Wade, 17 Ves. 88, 97.* And they have adopted the period limited in the statute in analogy thereto. *Sterndale* v. *Hankinson, 1 Sim. 393, 398.* Chancellor Vroom said, in *Wanmaker* v. *Van Buskirk, Sax. 685, 691,* that the statute of limitations does not apply in terms to courts of equity, but it is well known that they have always felt themselves bound by the principles of the statute, and, except in cases of strict trust and matters purely equitable in their nature, have acted in conformity with them. It was long ago held that the statute is a good defence to a bill for an account between partners. *Barber* v. *Barber, 18 Ves. 286.* In that case the bill, which was filed in 1808, prayed an account against the representatives of a surviving partner, alleging that the partnership began in 1788 and continued to 1798 without any settlement of accounts. The answer denied the partnership and insisted upon the statute of limitations. The master of the rolls (Sir William Grant) held that the case was within the statute, inasmuch as all accounts had ceased for six years. See, also, *Ault* v. *Goodrich, 4 Russ. 430.* On the other hand, it was held, in *Robinson* v. *Alexander, 2 Cl. & Fin. 717,* that the statute is not a bar. Since that decision, however, it has been held in England that long delay, without regard to the statute, operates as a bar in equity. See *Tatam* v. *Williams, 3 Hare 347.* In this court it has been distinctly held that the statute is a bar to a bill by a partner against his copartner for an account. *Cowart* v. *Perrine, 3 C. E. Gr. 454.* See, also, *Todd* v. *Rafferty, 3 Stew. Eq. 254; S. C. on appeal, 7 Stew. Eq. 552.* In this case the delay in calling for an account has been, as before stated, not only for six years, but for about fifteen, and is wholly unaccounted for. It would be inequitable,

under the circumstances, to compel Finney to come to an account. It should be held that the complainant is barred by the lapse of time. The plea will therefore be held to be good.